Mr. Graham, you are in the perhaps enviable and perhaps unenviable situation of having no opposition. It's a first for me, Your Honor. There's a way that that may turn out not to be particularly enviable. It may not be enviable. Hopefully, the fact of non-appearance doesn't work against my cause in the long run. Certainly, that ought not to be the case, and I take it that it won't be. May it please the Court. On many occasions, this Court has articulated that a case that is baseless or frivolous is one that satisfies the exceptional case standard of Section 285. More recently, in the Wedgetail decision last summer, the Court explained that it has actually only found a case to be exceptional for a prevailing defendant who wins against accusations of infringement, where there is both subjective bad faith and a case that is objectively baseless. In the Eltec decision before that, the Court wrestled with this subjective component and explained how difficult it is to prove what is in the subjective mind of the party or its counsel, and explained that a case that is manifestly unreasonable and nonetheless pursued is certainly one from which you can infer there is subjective bad faith in pursuing it. And thereafter, in some instances, the Courts have articulated the standard as being one in which the party plaintiff knew or should have known that the case was unreasonable and pursued in any way. Clearly, the synthesis of these cases makes it clear that not just any case in which the plaintiff loses is one that's going to be exceptional under Section 285. It requires something more than that. And therefore, there's a clearly erroneous standard on review. Likewise, certainly if- Right. So how do we get around the findings and conclusions of the district court in this case? Good question. And if this were a case in which the subjective component were inferred from the objective baselessness or the degree of baselessness of the case below, we probably would not have appealed. It would be one that probably is best left to the sound discretion of the district court judge who is there and sees the evidence and is able to weigh exactly how baseless it was and what was in the subjective mind of the party plaintiff. In this case, though, we have something different. We have two phases. And at least in the second phase of this case, we have an instance in which the counsel for the plaintiff literally admitted that it would be baseless to proceed and yet proceeded anyway. And at least in that second phase, pressing forward from the time that the court found the priority date to be resolved and the case was not dismissed at that point forward, it should be found to be exceptional from that point at least. Only because of what counsel said during argument, saying in effect that if we do find the 1994 date to be a priority date that our case is out of here, we have no case? Your Honor, I wouldn't say that only because of that. I think that it would have been objectively baseless and we could find it to be frivolous either way. The underlying facts make it quite clear that it was objectively baseless. But that articulation demonstrates the recognition on the part of the plaintiff that, in fact, he understood that it was also objectively baseless. And subjectively, he should not proceed. What happens, though, after the court ruled on the priority date and they find other evidence that might be able to go beyond that priority date? Like here, they're talking about experimental sales and otherwise. Your Honor, I could well imagine that there might be a situation in some instance where a party says, we're out of here, we lose, and then at that moment didn't occur to that party that there was some other evidence that he might rely on later on in the case. That's not what happened here. If we look at the evidence of experimental use, we can see that it is utterly frivolous. There was absolutely no chance for that commercial experimental use defense, rather, to demonstrate that the skis were not on sale. It was conjured up as some way to allow Mr. Nelson to proceed and have something to say in response to the summary judgment motion. But it was utterly and objectively baseless in every way. So you had pending counterclaims, right? We did. So if they had dismissed their complaint and you had proceeded with your counterclaims, would you consider it, would you argue that it would be bad faith to defend? It would, of course. If their defense is to conjure up an argument that has no basis in fact or law, then of course it would be. And the wedge tail decision is a model for how a party should behave in this situation. In that situation, there was a motion to dismiss coupled with a covenant not to sue, which of course divorced the court of jurisdiction, swept the counterclaims out of play as well. And that's what Mr. Nelson should have done here. Do you think that we could split the case into two parts, though, for legal fees? We literally asked for that, Your Honor. Do you think that's a proper way to do it, though, with respect to the present status of the case where you were able to establish the priority date in the first phase? And they might have had a basis for the lawsuit at that point. But subsequent to the establishment on the priority date, if they came back and said, well, those were all experimental sales, then the second part of the action, you're saying that court abused its discretion by not considering an exceptional first and then assessing legal fees only for the second part. That is certainly a part of our argument, Your Honor. We asked the court below to declare the entirety of the case exceptional based on the standard. But we said in the alternative, if you believe that there was some reasonable argument for the priority date and find that not to be frivolous, objectively baseless, and so on, then at a minimum from that point forward, from the moment of that hearing where he said we lose, we're out of here, and the case was pursued anyway, from that point forward, we asked for fees in the alternative measure at that point in time. Suppose that they had decided that the district court was wrong in the first summary judgment order and they wanted to contemplate at the end of the day taking the appeal to this court. Presumably, they would have said something in response to your second summary judgment motion, such as they made two arguments in response to your summary judgment motion. Suppose they'd left out the argument about experimental use. They made their argument with respect to not ready for, well, I guess the ready for patenting is part of the experimental use. But they made that argument as opposed to the, well, no, it isn't part of the experimental use. It's a separate argument. All right, they made the ready for patenting argument. But they said our principal objective here in opposing this motion is because we believe the court erred in the first order and we intend to take an appeal. Now, accepting for the moment, which I know you don't concede, but accepting for the moment that their initial resistance to the first order was at least not sanctionable and wouldn't have rendered the case an exceptional case, what would have been wrong with proceeding in that fashion? There are several mechanisms available to them, Your Honor, to accomplish just that. In fact, we presented them exactly one opportunity. We thought what they would do is what we offered for them to do, which would say we stipulate that if this priority date is correct, this decision is in effect, then the patent is invalid and so we can put it in a position to appeal it at that point in time. They could have alternatively simply responded to the summary judgment motion by saying exactly what the court articulated. We disagree with the priority date, but based on that, if that date does apply, then we have no other argument and it is invalid. We intend to challenge it later on. We still disagree with that. But based on that finding, we have to concede that we have no reasonable argument in good faith to say that the patent is not invalid. And either one of those avenues would have put the case in position for appeal to deal with just the priority date issue. And the ready for patenting issue, you think that's frivolous? I think that argument is utterly frivolous, Your Honor. The ready for patenting argument that was raised below really blends improperly two very different notions under patent law. The notion of whether the written description supports the entirety of the claims as opposed to simply one embodiment that's within the scope of the claims. And the second notion of whether the invention has been perfected to the point that the inventor knows that it works for its intended purpose. There was never any doubt. In fact, it was admitted that the invention worked for its intended purpose. The record is replete with evidence supporting that. Mr. Nelson himself admitted that there was a specific date on which it was, that he tested it privately and that it worked, and then thereafter there were production models. That was in 1992. I understand where you're going on that. What's curious about this case, or at least unusual, is that there were two separate summary judgment proceedings. You could have, and I would have expected in most cases, would have seen a single summary judgment motion defended by an argument in the alternative along the lines of saying summary judgment shouldn't be granted because number one, we have priority date earlier because of the written description argument that was made in the first summary judgment proceeding in this case. And two, by the way, even if you find against us on that, there's experimental use. If that had been done in this case and there was simply one summary judgment proceeding with those two arguments, and assuming again with me that the first argument, the priority date argument, was not sanctionable, would you say that you were still entitled to fees, both the determination of the exceptional case and fees, based on the alternative argument made under experimental use? As I understand the question, Your Honor, if both motions had been... Both arguments had been made in response to the same motion. Your motion is to say that this patent is invalid. And they come back and they say no for two reasons. If the experimental use argument had been articulated in the first motion, we would still perceive that argument itself to have been frivolous as presented, and having to defend against that frivolous argument would have created the same result. Likewise, of course, we believe that the priority date argument was baseless for the reasons in the briefing. It would have created a little bit more difficulty in the effort to segregate the two, the two different phases, if they were presented in one. We don't have that in this case, so we don't have that specific difficulty, if in the Court's mind there is an appreciable difference between the degree of frivolity of the one argument of the priority date versus the other of the experimental use exception. But in any event, we would still think that that second argument was frivolous as presented and not to have been made, the evidence being so compelling and overwhelming on that point. And that making one arguably frivolous argument in the course of a summary judgment motion that contains other non-frivolous arguments would be enough to require that the District Court find that the case is exceptional and assess fees. I would say that it is, Your Honor. Of course, it's an academic or hypothetical question here, fortunately for me, I guess, because we didn't have that. I'm not sure how academic it is. I mean, it seems to me that the fact that these arguments were in two different papers doesn't necessarily mean that we ought to regard them differently from being simply two different arguments made in the same paper. Well, Your Honor, a case may proceed along a certain continuum, a timeline, for a variety of reasons. In this case, the issue about the priority date was one that could be made earlier in the course of discovery based on the record alone. It was easy for K2 to try to get to that issue quickly. We tried to get out of the case without spending much money. We were pretty sure that we would have evidence of the sales, but that was stuff that required us to actually conduct discovery, gather documents, evidence, receipts, and so on, showing dates that it was actually on sale. We didn't have that kind of evidence at an early enough phase. We believed it to be the case. We were pretty sure it would exist, but we were trying to present the shortest motion to get out of the case at the cheapest cost and thought that Mr. Nelson, who did have all that information, would then, once the priority date was resolved, dismiss the case of his own accord. That would have required us to stay in the case longer, spend even more money to defend against what we believe was a frivolous case from the get-go. What were your other – did you have other grounds for invalidity other than the on-sale bar, if you established the priority date? We did, and one of those, the RD Fat Dog Ski, was probably the best case. There were others as well. The Powder Magic case, the patent at issue in that case from Utah, was actually prior art as well and was virtually on all fours. We had other prior art. So you really didn't have to – you could have said, well – Not at that point in time, Your Honor. The key is, though, at the point in time of the motion for the priority date, we were still gathering that case. This stuff was 15, 20 years ago, and it was difficult to gather who still had a recollection, who could testify, who had evidence, chasing that down. One way or another, you had to come up with something that anticipated some reference, either his own prior use or some other reference that would have anticipated the patent given the later priority date, right? That's right, Your Honor. At the time of the first motion, we had leads on all of that. We were pretty confident we were going to get all of that evidence in an admissible form, though we didn't have it yet. And we were hopeful that if we could file that motion first, and Mr. Nelson, who had most of that in his possession at the time, would recognize it after the priority date was resolved and would dismiss the case of his own accord at that point in time in a way that was faster, cheaper, more efficient. That didn't happen. One more question, at least for me. There's a disconnect in the way you and, I guess it's Mr. Mann, view the discussions about settlement. You seem to take the position, or at least you say that in your affidavits, I guess it's your affidavit, in that you understood the walk away to be a dismissal without prejudice, i.e., we'll walk away today, but we can see you tomorrow. But your affidavit doesn't say that that's what Mr. Graham, I mean, excuse me, you're Mr. Graham, not what Mr. Mann said, but rather that you understood that. I think Mr. Mann says, if I recall correctly, that there actually was a representation that this would be with prejudice. Now, why shouldn't we accept at least the proposition that the settlement offer was not clearly made without prejudice? I mean, obviously, it's one thing for a defendant not to want to agree to a without prejudice settlement because they've spent a lot of money and they're not getting a disposition that they can use. But with prejudice, it's a different matter altogether. What is it in the record here that would give us any basis for saying there was an offer, but it was without prejudice? I see that my time has expired, Your Honor. Go ahead. Your Honor, a couple of things. One is that there was no specific wording either way. He didn't say it was either with prejudice, nor did he say it was without prejudice. Nothing in the record establishes whether it was or was not. Mr. Mann and I both disagree about that, but it simply wasn't said. More importantly, I think, other than the with and without prejudice aspect, is that there were other strings attached to Mr. Nelson's offer that came from Mr. Mann. And the declarations do describe this part. Both of us, I think, describe this, though not perfectly in sync, but in the main, the key aspect we both describe. And that is that Mr. Nelson's offers to dismiss the case, in every instance, required that K2 would be foreclosed from ever asking the court for an award of attorney's fees. We had to give that up. And we didn't want to give that part up, setting aside the with or without prejudice aspect. Well, but then, sure, a walkaway means no money changes hands. That's pretty clear. And he would be crazy to say, well, no money changes hands now, but you can file a motion later. That's right. So that's not surprising. We believe that would put us in a worse position than if they were to just file a paper telling the court, please dismiss the case, give K2 a covenant not to sue, and then let us file a motion for fees if we chose to do so. But his settlement offer had that string attached. Plus, in our understanding, it was also one that was without prejudice. Oh, OK. Thank you, Mr. Brown. Thank you. The case is submitted. We'll hear argument next in number 2009-5.